# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**MICHAEL MAIKE,**

      **Petitioner,**

      **v.**                                  **CASE NO.  24-3133-JWL**

**(FNU) HAYES, Sheriff,**
**Johnson County,**

      **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241.  At the time of filing, Petitioner was confined at the Johnson County Adult Detention Center in New Century, Kansas ("JCADC").  Petitioner alleges that he has no charges in Johnson County, and although he signed an extradition waiver, he was being held due to a Covid-19 quarantine.  (Doc. 1, at 1, 6.)  Petitioner filed a motion for leave to proceed in forma pauperis (Doc. 2), but failed to include the financial information required by D. Kan. Rule 9.1(g)(2)(A).  On August 5, 2024, the Court entered a Notice of Deficiency (Doc. 3), ordering Petitioner to supply the missing financial information.

The Court's Notice of Deficiency was mailed to Petitioner at the JCADS—his address of record.  The Notice of Deficiency was returned to the Court with a notation indicating that it was unable to be forwarded.  Pursuant to the Johnson County Sheriff's Office, Petitioner was released from custody on August 2, 2024.[1]

---

[1]  Petitioner signed his Petition on July 31, 2024.  (Doc. 1, at 8.)

On August 21, 2024, the Court entered an Order to Show Cause (Doc. 5) granting Plaintiff until September 23, 2024, in which to show good cause why this case should not be dismissed.  The Court noted that Petitioner is obligated to update the Court of his change of address.  The Court's Local Rules provide that pro se parties "must notify the clerk of any change of address or telephone number."  D. Kan. Rule 5.1(b)(3).  The Court granted Petitioner an opportunity to show good cause why his Petition is not moot due to his release.  The Court also ordered Petitioner to show good cause why this matter should not be dismissed for failure to prosecute and failure to provide a change of address as required by the Court's Local Rules. The Court's Order to Show Cause provides that "[f]ailure to respond by the deadline may result in dismissal of this case without further notice."  (Doc. 5, at 2.)  The Order to Show Cause was returned to the Court as undeliverable.  (Doc. 6.)

The Court dismisses this matter as moot and for failure to prosecute.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as moot and for failure to prosecute.

**IT IS SO ORDERED**.

**Dated October 1, 2024, in Kansas City, Kansas.**

<u>**S/ John W. Lungstrum**</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**